**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**CHRISTOPHER K. SWEENEY,**

**Plaintiff,**

**v.** **Case No.: 5:25-cv-00117-TKW-MJF**

**ACRO CONSTRUCTION, LLC,**
**ALAN COOPER,**
**BILLY TOLSON,**
**COOPER MECHANICAL, LLC,**
**LORENZO ALVIDREZ,**
**ALVIDREZ, INC.,**
**STEPHEN TOLSON,**
**MICHAEL BONIN,**
**JAMES MILLER, and**
**TAMARA LAMM,**

**Defendants.**
**_____________________________________/**

**DEFENDANTS ACRO CONSTRUCTION, LLC AND ALAN COOPER'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

Defendants, ACRO CONSTRUCTION, LLC (hereafter "Acro") and ALAN COOPER (hereafter "Cooper") (collectively, "Defendants"), by and through undersigned counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby move the Court to dismiss Plaintiff's "Amended Complaint (New Parties and Claims)" (hereafter, the "Second Amended Complaint") filed September 19, 2025 (Doc. 34). The grounds for this Motion are set forth below.

## BACKGROUND

1. Plaintiff filed this action in state court on April 9, 2025. Doc. 1-2.

2. Defendants timely removed this case on May 20. Doc. 1.

3. The Court struck Plaintiff's Complaint on August 20. Doc. 20. The Court instructed Plaintiff that if he wishes to proceed with this case, he "must file an amended complaint that corrects the deficiencies" the Court identified. *Id.* Of note, the Court ordered Plaintiff to separate, number, and label each claim, identify each defendant(s) to which a given claim applies, and to "include only those facts that are relevant to the claim being asserted." *Id.*

4. Unfortunately, Plaintiff has not complied with the Court's Order. *Id.*

5. First, Plaintiff filed an Amended Complaint on September 3, which did not comply with the Court's Order or the applicable rules of civil procedure. Doc. 25.

6. Defendants moved to dismiss Plaintiff's first Amended Complaint on September 17. Doc. 31.

7. Before the Court could rule on Defendants' motion to dismiss Plaintiff's first Amended Complaint, Plaintiff filed his Second Amended Complaint on September 19. Doc. 34. Plaintiff's Second Amended Complaint seeks to add eight (8) new defendants as well as new claims never previously asserted. *Id.*

8. Plaintiff's Second Amended Complaint suffers from the same

deficiencies as his original Complaint and first Amended Complaint. *See* Docs. 1-2, 25, and 34. Plaintiff's Second Amended Complaint does not comply with the Court's August 20 Order (Doc. 20) or the applicable rules of civil procedure.

9. The Court should dismiss Plaintiff's Second Amended Complaint. Under the circumstances, Defendants request such dismissal be with prejudice.

## MEMORANDUM OF LAW

### I. STANDARD

A civil complaint filed in federal court "must contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A plaintiff's claims should be limited "to a single set of circumstances" and "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b); *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). "The 'self-evident' purpose of these rules is 'to require the pleader to present his claims discretely and succinctly' so the opposing party and the court can discern the nature of the plaintiff's claims." *Barmapov*, 986 F.3d at 1324 (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Circ. 2015)). "These rules were also written for the benefit of the court, which must be able to determine 'which facts support which claims,' 'whether the plaintiff has stated any claims upon which relief can be granted,' and whether evidence

introduced at trial is relevant." *Id.* (quoting *Weiland*, 792 F.3d at 1320).

"A shotgun pleading is a complaint that violates either Federal Rules of Civil Procedures 8(a)(2) or Rule 10(b), or both." *Barmapov*, 986 F.3d at 1324; *Toth v. Antonacci*, 788 F. App'x 688, 690 (11th Cir. 2019). The Eleventh Circuit condemns shotgun pleadings, which "fail, in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket become unmanageable, and litigants suffer, and society loses confidence in the court's ability to administer justice."). "Besides violating the rules, shotgun pleadings also waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Barmapov*, 986 F.3d at 1324 (internal quotation marks omitted).

## II. <u>ARGUMENT</u>

Plaintiff's Second Amended Complaint asserts three counts against ten (10) separate defendants. Plaintiff sets forth forty-nine (49) paragraphs under the general "Statement of Facts" section, which spans approximately 13 pages. Doc. 25 at ¶¶ 17-65. Plaintiff then asserts three (3) different "Claims", each of which is asserted

indiscriminately against each of the ten defendants. *Id.* at ¶¶ 66-71. Each of Plaintiff's three "Claims" asserts a single paragraph incorporating many of Plaintiff's allegations from his "Statement of Facts" section, followed by a "WHEREFORE" paragraph seeking relief under the given claim. *Id.*

The Second Amended Complaint assigns a letter designation to each of the ten defendants, Doc. 34 at ¶¶ 5-14, and then proceeds to refer to the given defendants by their assigned letter (e.g., Acro is "A", Cooper is "B", Billy Tolson is "C", et cetera). The result is a convoluted pleading, where the defendants must essentially create a list of each defendant's assigned letter to which they must continuously refer in order to review and respond to the Second Amended Complaint.

Ultimately, the Second Amended Complaint falls into three of the four "types or categories of shotgun pleadings." *Barmapov*, 986 F.3d at 1324-1325; *Weiland*, 792 F.3d at 1321-1323. Specifically, the Second Amended Complaint is (a) replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (b) does not separate each cause of action or claim for relief into a different count; and (c) asserts multiple claims against multiple defendants without meaningfully identifying which defendant(s) is (are) responsible for which acts or omissions. *Barmapov*, 986 F.3d at 1324-1325; *Weiland*, 792 F.3d at 1321-1323.

### A. The Second Amended Complaint is replete with conclusory, vague, and immaterial facts.

Nearly every paragraph of the "Statement of Facts" section contains conclusory and vague statements, many of which have no clear connection to any particular cause of action. *See* Doc. 34 at ¶¶ 17-65. This is also the case for the single substantive paragraph Plaintiff includes under each of his three counts. *Id* at ¶¶ 66, 68, and 70. For example, paragraph 17 sets forth numerous conclusory and vague representations about alleged money laundering, IRS debt, and a bankruptcy proceeding that all supposedly occurred "[i]n or before 2013" and have no apparent relevance to Plaintiff's claims for wrongful termination in 2024, unpaid wages from 2020 to 2024, or defamation in 2024 and 2025. Paragraph 18 similarly asserts conclusory allegations about Plaintiff supposedly being misclassified as a laborer from 2014 to 2016, which is well outside the statute of limitations for any of his claims. This pattern of asserting conclusory (*see, e.g.*, ¶ 33), vague (*see, e.g.*, ¶ 30), and/or immaterial facts (*see, e.g.*, ¶ 51) continues for nearly all the Second Amended Complaint. *See* Doc. 34 at ¶¶ 19-71.

As a further example, Plaintiff's "Claim 3" asserts that all ten defendants are liable for "Libel, Slander, and Defamation" under Florida Statute §§ 770.01 *et seq*. *Id*. at ¶¶ 70-71. Chapter 770 creates a civil action for libel or slander based on a "publication or broadcast, in a newspaper, periodical, or other medium." Fla. Stat. § 770.01. To support "Claim 3", Plaintiff relies on paragraphs 51, 56-60, and 64 of his

"Statement of Facts." Doc. 34 at ¶ 70. The foregoing paragraphs on which "Claim 3" relies contain vague, conclusory, and immaterial statements, none of which allege any actionable "publication or broadcast" under Chapter 770, Florida Statutes, or otherwise advise the defendants regarding their individual liability under Chapter 770. *Id.* at ¶¶ 51, 56-60, 64, 70.

Paragraph 51 asserts vague and seemingly immaterial statements regarding social media accounts, irrelevant criminal history, and "a hidden figure." Paragraph 56 discusses the termination letter Acro ***issued to Plaintiff***. Paragraph 57 discusses a purported offer of employment that an unnamed entity retracted when Plaintiff did not report to work for five months after the offer. Paragraph 58 is a lengthy discussion of Plaintiff's petition for reemployment benefits through the state of Florida (approximately eight months after his employment with Acro ended). Paragraph 59 is a lengthy discussion of Plaintiff's job classification and hours worked as an employee of Acro. Paragraph 60 asserts a vague and conclusory allegation that Stephen Tolson[1] "verbally defamed Plaintiff to a Federal Government employee" in 2025, without describing the defamation or identifying the government employee. Finally, paragraph 64 contains a vague claim of spoliation seemingly unrelated to "Claim 3" and alleges that Bill Murray[2] "conveyed" ***to Plaintiff*** that Mr.

---

[1] The Second Amended Complaint does not allege that Stephen Tolson was an employee or agent of Acro in 2025.

[2] Bill Murray is not one of the ten named defendants but is alleged to be a current

Murray learned Plaintiff was under investigation for workers' compensation fraud.

Ultimately, Plaintiff's Second Amended Complaint—like his prior two complaints—is replete with conclusory, vague, and immaterial allegations with no clear connection to a particular cause of action. *Barmapov*, 986 F.3d at 1325-1326; *Weiland*, 792 F.3d at 1322-1323. The Court struck Plaintiff's original Complaint for this very reason (among others) and instructed him to "include only those facts that are relevant" to the given claim. Doc. 20. Plaintiff did not heed the Court's instruction in either his first Amended Complaint (Doc. 25) or his pending Second Amended Complaint (Doc. 34). The Court should dismiss the Second Amended Complaint for this reason. *Barmapov*, 986 F.3d at 1326 (quoting *Weiland*, 792 F.3d at 1322-1323) ("Because [the plaintiff's] second amended complaint is 'replete with conclusory, vague, and immaterial' allegations, a defendant who reads the complaint would be hard-pressed to understand 'the grounds upon which each claim [against him] rests.'"). After all, if the Plaintiff "himself cannot offer" a nonconclusory and "coherent explanation" for why multiple defendants are individually liable on each of the claims against them, the defendants "cannot [be] expect[ed] . . . to do it for him by digging through . . . scattershot factual allegations" in search of those that may relate to the given defendant. *Barmapov*, 986 F.3d at 1326.

---

employee of Acro. Doc. 34 at ¶ 64.

### B. Plaintiff still has not properly separated each cause of action or claim for relief.

The Second Amended Complaint, particularly "Claims" 1 and 2, still fails to "separate 'each cause of action or claim for relief' into a different count." *Barmapov*, 986 F.3d at 1325 (quoting *Weiland*, 792 F.3d at 1323).

"Claim 1–Unpaid Wages" appears to assert at least four separate causes of action in that single count. *See* Doc. 34 at ¶ 66. Specifically, "Claim 1" appears to allege (a) unpaid overtime under the Fair Labor Standards Act (FLSA), (b) unpaid minimum wage under the FLSA, (c) unpaid minimum wage under the Florida Minimum Wage Act (FMWA), and (d) "unjust enrichment" related to purported expense reimbursements. *Id*. at ¶¶ 2, 66. Unpaid overtime represents a separate cause of action and type of "unpaid wages" than unpaid minimum wages. Likewise, unpaid minimum wages under the FLSA is a distinct cause of action, and represents different relief, than unpaid minimum wages under the FMWA given the difference between the federal and Florida minimum wage rate and the different statutory periods of relief under the FLSA (maximum three years) and FMWA (maximum five years). Finally, "unjust enrichment" represents an entirely separate claim and relief than either unpaid overtime or unpaid minimum wage. Despite the foregoing, Plaintiff lumps all these distinct causes of action into "Claim 1", for which he seeks a single amount of alleged "unpaid wages" ($338,155.54) plus an equal amount as liquidated damages ($338,155.54). *Id*. at ¶¶ 66-67.

"Claim 2–Wrongful Termination and Retaliation" asserts two separate causes of action in that single count, alleging retaliatory termination under both the FLSA and the Florida Private Whistleblower Act, Fla. Stat. §§ 448.101 *et seq.* (FPWA). Doc. 34 at ¶ 68. These are two entirely different causes of action with different coverage requirements, protected activities, remedies, and statutes of limitation. Despite the foregoing, Plaintiff lumps these distinct causes of action together and seeks a single amount of $56,000.00 in relief. *Id*. at ¶¶ 68-69.

Ultimately, on his third try, Plaintiff still has not separated his various causes of action into separate counts. The Court struck Plaintiff's original Complaint for this very reason (among others) and instructed him to separate, number, and label each claim. Doc. 20. Plaintiff did not heed the Court's instruction. Accordingly, the Court should dismiss the Second Amended Complaint for this additional reason. *See Barmapov*, 986 F.3d at 1325; *Weiland*, 792 F.3d at 1323.

**C. Plaintiff does not specify which of the defendants is responsible for the alleged acts or omissions.**

The Second Amended Complaint conclusorily asserts every separate claim against each of the ten defendants without sufficiently identifying which defendant is responsible for which specific act or omission for the given claim. *See Barmapov*, 986 F.3d at 1325; *Weiland*, 792 F.3d at 1323; *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (finding the complaint "is a quintessential 'shotgun' pleading of the kind we have condemned repeatedly" where it named fourteen defendants, all

of whom were charged in each count, but made "no distinction among the fourteen defendants charged"). In striking Plaintiff's original Complaint, the Court instructed him to identify each defendant to which a given claim applies. Doc. 20. Plaintiff did not heed the Court's instruction in either his first Amended Complaint (Doc. 25) or his pending Second Amended Complaint (Doc. 34). The Court should dismiss the Second Amended Complaint for this reason. *Barmapov*, 986 F.3d at 1325; *Weiland*, 792 F.3d at 1322. After all, if the Plaintiff "himself cannot offer" a nonconclusory and "coherent explanation" for why multiple defendants are individually liable on each of the claims against them, the defendants "cannot [be] expect[ed] . . . to do it for him by digging through . . . scattershot factual allegations" in search of those that may relate to the given defendant. *Barmapov*, 986 F.3d at 1326.

**D. The Court should dismiss the Second Amended Complaint with prejudice.**

For the reasons set forth above, the Second Amended Complaint does not comply with the Court's Order (Doc. 20) or the applicable rules of civil procedure. *See* Fed. R. Civ. P. 8(a)(2), 8(d)(1), 10(b). Despite the Court's instructions, Plaintiff's Second Amended Complaint does not "present his claims discretely and succinctly" so that the defendants and the Court may discern the nature of his claims. *Barmapov*, 986 F.3d at 1324; *Weiland*, 792 F.3d at 1320. Plaintiff's shotgun pleading does not provide the defendants "adequate notice of the claims against them and the grounds upon which each claim rests," *Weiland*, 792 F.3d at 1323, prevents

a Rule 12(b)(6) analysis, and invites “unnecessary discovery costs.” *See Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126-1127 (11th Cir. 2014).

“Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.” *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Shotgun pleadings “waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public’s respect for the courts.” *Id.* (internal quotation marks and brackets removed). *See also Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1332 (11th Cir. 1998); *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (“Shotgun pleadings . . . exact an intolerable toll on the trial court’s docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court’s parajudicial personnel and resources.”). “A district court has the ‘inherent authority to control its docket and ensure the prompt resolution of lawsuits,’ which includes the ability to dismiss a complaint on shotgun pleading grounds.” *Vibe Micro*, 878 F.3d at 1295 (quoting *Weiland*, 792 F.3d at 1320). Accordingly, the Court should dismiss Plaintiff’s Second Amended Complaint. Moreover, Defendants submit such dismissal should be with prejudice.

This is now Plaintiff’s third attempt to file a proper complaint, and each attempt has produced a shotgun pleading. If anything, Plaintiff’s third attempt—his Second Amended Complaint—is further from the mark than his first two attempts

given his introduction of eight new defendants against whom he indiscriminately asserts every claim set forth in the Second Amended Complaint. This, after the Court's August 20 Order and Defendants' first motion to dismiss apprised Plaintiff regarding the pleading standard and the deficiencies found in his first two complaints. *See* Docs. 20, 31. Unfortunately, Plaintiff did not heed the foregoing and, instead, filed a third shotgun complaint. Doc. 34. Respectfully, Defendants submit that if the Court were to permit Plaintiff a fourth bite at the proverbial apple, the result is unlikely to improve and will simply require yet more resources from Defendants and the Court.

"When confronted with repeat shotgun pleadings, a district court is within its discretion to dismiss a complaint with prejudice." *Johnson v. Dunn*, Case No. 2:21-CV-1701-AMM, 2022 WL 21842391, at *3 (N.D. Ala. Nov. 4, 2022) (citing *Barmapov*, 986 F.3d at 1326; *Vibe Micro*, 878 F.3d at 1296-1297). This is the third shotgun pleading Plaintiff has filed in this case. Doc. 34. The Court should dismiss Plaintiff's Second Amended Complaint with prejudice. *See Barmapov*, 986 F.3d at 1326 (affirming dismissal with prejudice where the district court explained why the complaint was an improper shotgun pleading and gave the plaintiff "a chance to try again" but the plaintiff "squandered that opportunity by filing another shotgun pleading"); *Vibe Micro*, 878 F.3d at 1295-1297; *Johnson*, 2022 WL 21842391 at *3.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant their Motion to Dismiss and enter an order dismissing Plaintiff's Second Amended Complaint with prejudice and granting any other relief deemed appropriate.

## LOCAL RULE 7.1(C) CERTIFICATION

Pursuant to Local Rule 7.1(B), the undersigned counsel mailed and emailed correspondence to Plaintiff on October 1, 2025, seeking to resolve the issues raised herein without the need to file the instant motion. To date, Plaintiff has not responded to undersigned counsel or otherwise indicated any agreement on the resolution of this Motion and the relief requested herein.

Dated this 3rd day of October, 2025.

Respectfully submitted,

***/s/ Benjamin S. Briggs***
BENJAMIN S. BRIGGS
Florida Bar No. 113814
**ADAMS & REESE, LLP**
100 North Tampa Street, Suite 4000
Tampa, Florida 33602
Tel: 813.227.5507
Ben.Briggs@arlaw.com
Elaine.Glotz@arlaw.com
*Counsel for Defendants*

**COMPLIANCE WITH LOCAL RULE 7.1(F)**

In accordance with Local Rule 7.1(F), this motion contains 3,004 words.

*/s/ Benjamin S. Briggs*
Benjamin S. Briggs, Esq.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 3rd day of October, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF E-Filing System, and served a copy of same via electronic mail to Plaintiff, Christopher K. Sweeney, gainesvillechris@gmail.com and Certified Mail/Return Receipt Requested, to 370 SE Baya Dr, Apt. 102, Lake City, Florida 32025.

*/s/ Benjamin S. Briggs*
Attorney